# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

RACKSPACE US, INC.

      Plaintiff,

v.

PARALLEL IRON, LLC and IP
NAVIGATION GROUP, LLC,

      Defendants.

C.A. No. 5:13-cv-00274-OLG

**DEFENDANT PARALLEL IRON, LLC'S MOTION TO DISMISS PURSUANT TO THE FIRST-TO-FILE RULE, OR, IN THE ALTERNATIVE, STAY THIS CASE IN FAVOR OF THE FIRST-FILED CASE IN THE DISTRICT OF DELAWARE, TRANSFER THIS CASE TO THE DISTRICT OF DELAWARE, OR SEVER AND TRANSFER THE PATENT CLAIMS TO THE DISTRICT OF DELAWARE**

## TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................................. 1

II.  FACTUAL BACKGROUND ............................................................................................... 2

    A.  Parallel Iron's Patents Cover Fundamental Computer Data Storage Technology. ............. 2

    B.  The District of Delaware Court Has Been And Is The Center For Litigation Over Parallel Iron's Storage Technology Patents Since 2011 ........................................................................ 2

    C.  Rackspace Filed A Nearly Identical Lawsuit Against Parallel Iron After Parallel Iron Filed Suit Against Rackspace. ................................................................................................... 3

III.  ARGUMENT AND AUTHORITY ...................................................................................... 4

    A.  Supreme Court, Federal Circuit, And Fifth Circuit Authority Requires Dismissal Under The First-To-File Rule. ............................................................................................................. 4

    B.  The Exceptions To The First-To-File Rule Are Inapplicable. ............................................. 6

    C.  Considerations Of Judicial And Litigant Economy Weigh In Favor Of The Delaware Forum. ...................................................................................................................................... 8

    D.  In The Alternative, The Court Should Stay Proceedings To Allow The Delaware Court, As The First-Filed Court, To Decide Any Substantive Disputes Concerning Venue, Or Transfer This Case to Delaware. ............................................................................................... 8

    E.  Parallel Iron Requests An Oral Hearing On This Motion. .................................................. 10

IV.  CONCLUSION ................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Cellectis S.A. v. Precision Biosciences, Inc.*,
   881 F. Supp. 2d 609 (D. Del. 2012) ................................................................. 8, 9

*Electronics for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005) ................................................................... 4, 5, 8

*Excentus Corp. v. Kroger Co.*,
   No. 3:10-CV-0483-B, 2010 WL 3606016 (N.D. Tex. Sept. 16, 2010) .............. 5, 6, 8

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) .............................................................................. 9

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) .......................................................................... 6

*Merial Ltd. v. Cipla Ltd.*,
   681 F.3d 1283 (Fed. Cir. 2012) ...................................................................... 5, 8

*Microsoft Corp. v. Geotag Inc.*,
   847 F. Supp. 2d 675 (D. Del. 2012) ..................................................................... 9

*Nat'l Broom Co. of California, Inc. v. Brookstone Co.*,
   No. C 09-00959 JSW, 2009 WL 2365677 (N.D. Cal. July 30, 2009) ................... 6

*Save Power Ltd. v. Syntek Fin. Corp.*,
   121 F.3d 947 (5th Cir. 1997) ..................................................................... 4, 5, 6, 9

*Smith v. McIver*,
   22 U.S. 532 (1824) .............................................................................................. 4

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
   657 F.3d 1349 (Fed. Cir. 2011) ........................................................................... 7

*West Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*,
   751 F.2d 721 (5th Cir. 1985) ...................................................................... 4, 6, 8

**Statutes**

28 U.S.C. § 1391 ...................................................................................................... 9

28 U.S.C. § 1404(a) .................................................................................................. 9

Defendant Parallel Iron, LLC ("Parallel Iron") moves to dismiss this declaratory judgment action filed by Rackspace US, Inc. ("Rackspace") pursuant to the "first to file" rule.  In the alternative, Parallel Iron moves to (i) stay the proceedings to allow the court of the first-filed action, the District of Delaware, to resolve any venue disputes; (ii) transfer this case to the District of Delaware; or (iii) sever the patent claims and transfer them to the District of Delaware.

## I.      INTRODUCTION

On March 18, 2013, Parallel Iron filed a complaint against Rackspace in the District of Delaware alleging that Rackspace infringes three of its patents related to computer data storage technology.  A few weeks later, rather than prepare an answer or other responsive pleading, Rackspace simply turned around and filed its own lawsuit in this Court seeking a declaratory judgment of noninfringement of the same three patents asserted by Parallel Iron in Delaware. Rackspace subsequently filed a motion to stay the Delaware proceedings against it on the grounds that it is merely a customer of Cloudera, Inc. ("Cloudera"), another named defendant in the Delaware action.

Rackspace's retaliatory conduct in filing a duplicative lawsuit, in an apparent attempt to deprive Parallel Iron of its forum of choice, is an abusive, wasteful use of the judicial system, and is in direct contravention of the principles of comity which dictate that two federal courts of concurrent jurisdiction may not decide identical issues—in this case, Parallel Iron's right to redress from Rackspace for patent infringement.  Under the first-to-file rule, the Delaware court, undisputedly the first-filed court, must decide these issues.  This is especially so considering that the Delaware court currently has before it 15 other related cases concerning the patents-in-suit. Rackspace, a Delaware company (as is Parallel Iron), cannot legitimately claim that Delaware is an inconvenient forum.  On the other hand, it would be substantially burdensome and inefficient for Parallel Iron to litigate in this District while simultaneously litigating the same issues in Delaware.  In any event, to the extent Rackspace intends to dispute the propriety of the Delaware

forum, the first-to-file rule dictates that such arguments should be brought before and decided by the Delaware court as the first-filed court.

Accordingly, this Court should dismiss this case in favor of the first-filed lawsuit in the District of Delaware.  Alternatively, the Court should (i) stay proceedings to allow the Delaware court to resolve any venue disputes; (ii) transfer this case to the District of Delaware; or (iii) sever the patent claims and transfer them to the District of Delaware.

## II.    FACTUAL BACKGROUND

### A.    Parallel Iron's Patents Cover Fundamental Computer Data Storage Technology.

Today, the amount of electronic information that is used by many companies has outstripped the storage capacity of individual memory devices and thus must be stored across hundreds or even thousands of individual memory devices and machines.  The ability to keep track of information as it is distributed across numerous devices and machines, while still allowing users to retrieve it seamlessly upon request, is a feat that was impossible until recently. Parallel Iron is the owner by assignment of multiple patents on inventions related to computer data storage technology.  The patents at issue in this case—U.S. Patent Nos. 7,197,662 (the "'662 patent"), 7,958,388 (the "'388 patent"), and 7,543,177 (the "'177 patent")—cover methods and systems for storing massive amounts of information across multiple memory devices that allow a storage system to track the information and quickly retrieve it, even when a memory device fails.

### B.    The District of Delaware Court Has Been And Is The Center For Litigation Over Parallel Iron's Storage Technology Patents Since 2011.

On March 18, 2013, Parallel Iron, a Delaware company, filed suit in the District Court of Delaware alleging that Rackspace is infringing three of Parallel Iron's patents related to data storage technology: the '662 patent, the '388 patent, and the '177 patent.  (*See* Complaint in *Parallel Iron LLC v. Cloudera Inc. et al.*, C.A. No. 1:13-cv-00443-RGA (the "Delaware Action"), attached as Exhibit A to the Declaration of Shani M. Tutt ("Tutt Decl.").)  Rackspace is one of 12 defendants named in the Delaware Action.  (*Id.*)  Parallel Iron has alleged that the

defendants all use the same infringing Hadoop Distributed File System software ("HDFS") system, which is provided by defendant Cloudera, Inc. ("Cloudera"), and are thus properly joined in the Delaware Action. (*Id.* at ¶ 17.) Rackspace has not answered.

The Delaware Action against Rackspace is the latest of 23 lawsuits concerning the '662 patent, the '177 patent, and the '388 patent filed in the District of Delaware since June 2012 (collectively, the "Delaware litigations"). All 23 of the Delaware litigations are assigned to the Honorable Richard G. Andrews. In 2011, Parallel Iron filed patent infringement lawsuits in the District of Delaware concerning another patent involving similar storage technology against other accused infringers. All together, Parallel Iron has been a party to 29 cases in the District of Delaware concerning infringement of its patents related to storage technology. (*See* Tutt Decl., Ex. B, for a list of all 29 Parallel Iron cases filed in the District of Delaware.)

### C.  Rackspace Filed A Nearly Identical Lawsuit Against Parallel Iron After Parallel Iron Filed Suit Against Rackspace.

On April 4, 2013, less than one month after Parallel Iron filed suit against Rackspace in Delaware, Rackspace filed this action against Parallel Iron seeking a declaratory judgment of noninfringement of the same three patents asserted in the Delaware Action (the "patents-in-suit"). (*See* D.I. 1.) Rackspace's complaint also contains one count for breach of contract related to Parallel Iron's infringement claims. (*Id.*) According to Rackspace, Parallel Iron breached the "Forbearance Agreement" with Rackspace by filing the Delaware Action without providing 30-days written notice. (*Id.* at ¶ 50.) Not only does Rackspace's complaint raise the same issues raised by Parallel Iron's previously filed complaint—namely whether Rackspace infringes the patents-in-suit—Rackspace's complaint expressly refers to the Delaware Action and the related Delaware litigations. (*See id.* at ¶ 4 ("On March 18, 2013, Parallel Iron sued Rackspace and 11 other defendants in Delaware for allegedly infringing the patents-in-suit (the 'Delaware Action'). The Delaware Action is only the latest in a series of 23 lawsuits Parallel Iron has filed in Delaware on the patents-in-suit since June of last year….").)

On May 10, 2013, rather than file an answer or other responsive pleading, Rackspace filed a motion to stay proceedings in the Delaware Action pending resolution of Parallel Iron's claims against co-defendant Cloudera.  (*See* Tutt Decl., Ex. C.)  The basis for Rackspace's motion to stay is that it is merely a customer of Cloudera, and its liability for patent infringement will thus be resolved upon resolution of Parallel Iron's claims against Cloudera.  Parallel Iron has opposed the motion.  The motion is still pending before the Delaware court.

## III.   ARGUMENT AND AUTHORITY

### A.   Supreme Court, Federal Circuit, And Fifth Circuit Authority Requires Dismissal Under The First-To-File Rule.

The general rule, as stated by the Supreme Court nearly two centuries ago, is that "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Smith v. McIver*, 22 U.S. 532, 535 (1824).  *See also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.").  "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.*  "To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985).  "In particular, '[a] court may…in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.'" *Id.*

In cases concerning the same patents, courts must "apply the general rule favoring the forum of the first-filed case, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise.'" *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).  Indeed, courts in this Circuit have recognized that application of the first-to-file rule is especially critical in patent cases, as "[t]he complexity and

technical nature of patent litigation makes it especially problematic to have two different courts interpreting the same claims." *Excentus Corp. v. Kroger Co.*, No. 3:10-CV-0483-B, 2010 WL 3606016, at *4 (N.D. Tex. Sept. 16, 2010).  Although there are exceptions to the rule, "[t]here must…be sound reason that would make it unjust or inefficient to continue the first-filed action." *Electronics for Imaging*, 394 F.3d at 1347.  The Federal Circuit has explained:

> The "first-to-file" rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions.  The filing date of an action derives from the filing of the complaint.  Under the first-to-file rule, a district court may choose to stay, transfer, or dismiss a duplicative later-filed action, although there are exceptions and the rule is not rigidly or mechanically applied—"an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."

*Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (citations omitted).

There can be no dispute that the Delaware Action, filed three weeks prior to the filing of Rackspace's complaint in this case, is the first-filed action.   Indeed, Rackspace even acknowledges the first-filed Delaware Action, as well as the other previously filed Delaware litigations, in its complaint.  The Delaware Action and the present action concern the same three patents, and raise identical issues – namely, whether Rackspace infringes the patents-in-suit.  Rackspace's duplicative declaratory judgment suit is clearly a waste of judicial resources and should be dismissed pursuant to the first-to-file rule.

The fact that Rackspace's complaint contains an additional count for breach of contract is of no consequence.  The first-to-file rule does not require that the cases be identical.  Rather, the "crucial inquiry is one of 'substantial overlap.'"  *Save Power*, 121 F.3d at 950.  Both the Delaware Action and the present case "substantially overlap" on the central issue of whether Rackspace infringes the patents-in-suit.  *See Excentus*, 2010 WL 3606016, at *2 (rejecting argument that additional state law claims changed the nature of the case such that it no longer substantially overlaps with the first-filed action in Ohio; "The crux of the case before this Court is whether Kroger has infringed and will continue to infringe on Excentus's patent[s].").

The fact that the Delaware Action contains additional defendants, or that IP Nav is not a party to the Delaware Action, also does not defeat application of the first-to-file rule. *See id.* at *3 ( "The first-to-file rule does not require the exact identity of the parties; instead, application of the rule turns on which court first obtains possession of the dispute, not the parties to the dispute."); *Save Power*, 121 F.3d at 951 ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action."); *West Gulf*, 751 at 731 n.5 (incomplete identity of parties does not mandate that two "essentially identical" actions remain pending simultaneously where complete relief was available in one forum and the missing parties likely could be made parties to the action in that forum).

### B. The Exceptions To The First-To-File Rule Are Inapplicable.

None of the recognized exceptions to the first to file rule apply to this case. In fact, the exceptions only reinforce that this case should be dismissed in favor of the first-filed Delaware Action.[1]

One exception to the first-to-file rule, sometimes called the anticipatory lawsuit exception, typically occurs where the first-filed action is a declaratory judgment action filed in "direct anticipation of being sued," thereby depriving the "true plaintiff" of his right to select the proper forum. *Excentus*, 2010 WL 3606016, at *3. *See also Nat'l Broom Co. of California, Inc. v. Brookstone Co.*, No. C 09-00959 JSW, 2009 WL 2365677, at *2-3 (N.D. Cal. July 30, 2009) (citing *Kahn v. General Motors Corp.,* 889 F.2d 1078, 1081 (Fed. Cir. 1989)) ("Special circumstances which may warrant granting an exception to the first-to-file rule are 'bad faith, anticipatory suit, and forum shopping.'"). This exception is clearly inapplicable, as Parallel Iron, the true plaintiff, has been involved in litigation over its storage technology patents in the District of Delaware since 2011. Indeed, it is clear that the only party guilty of inequitable conduct and forum shopping is Rackspace. Shortly after Parallel Iron filed suit against Rackspace, and in an

---

[1] As set forth in Section III.C. below, the merits of whether any of the exceptions to the first-to-file rule apply should be decided by the Delaware court as the first-filed court. Parallel Iron's discussion of the applicability of these exceptions is meant to reiterate that there is no compelling reason to deviate from the first-to-file rule.

apparent effort to deprive Parallel Iron of its forum of choice, Rackspace filed a declaratory judgment action against Parallel Iron concerning the very same patents in this Court, and then filed a motion to stay in the Delaware Action.  Rackspace's inequitable conduct in direct contravention of federal policy reinforces that Parallel Iron's first-filed action should prevail, and this case should be dismissed.

A second exception to the first-to-file rule, the customer lawsuit exception, "provides that, in certain patent cases, 'litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.'" *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). "The customer suit exception 'is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse.'" *Id.*  Courts thus "apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Id.* This exception also does not apply, as Rackspace is not alleged to be a manufacturer, and the Delaware Action does not involve claims against Rackspace customers.  To the contrary, Rackspace, in its motion to stay the Delaware proceedings, has alleged that it is merely a customer of "manufacturer" Cloudera, one of the defendants in the Delaware Action.  Though Parallel Iron opposes the requested stay, it is clear that the customer lawsuit exception is inapplicable to this case, and if anything, dictates that this case should be dismissed in favor of the Delaware Action.

To the extent Rackspace intends to rely on its allegations that the Delaware Action was filed in breach of the parties' Forbearance Agreement, any such arguments should be rejected, as there is no judicially recognized exception where the parties have entered into a covenant not to sue.  Furthermore, even if the court were to assume that Rackspace's allegations are true (that Parallel Iron breached the Agreement by failing to give Rackspace 30 days pres-suit notice—a conclusion that Parallel Iron vigorously contests), the ramifications of the alleged breach should be decided by the Delaware court.

**C.  Considerations Of Judicial And Litigant Economy Weigh In Favor Of The Delaware Forum.**

In determining whether to dismiss or transfer under the first-to-file rule, courts also consider factors such as "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Electronics for Imaging*, 394 F.3d at 1348.  Parallel Iron is a Delaware company and thus filed suit in Delaware.  Rackspace is also a Delaware company.  (D.I. 1, at ¶ 7 ("Rackspace is a corporation organized under the laws of Delaware.").)  Accordingly, the Delaware court properly has jurisdiction over this dispute.  Furthermore, Rackspace cannot legitimately claim that the District of Delaware is substantially more inconvenient that this forum.  On the other hand, Parallel Iron has no ties to this District, and it would be a substantial burden to Parallel Iron if it is forced to litigate this case here in Texas while it is litigating 15 other cases concerning the same patents in Delaware.  There is simply no compelling reason to deviate from the first-filed rule.

**D.  In The Alternative, The Court Should Stay Proceedings To Allow The Delaware Court, As The First-Filed Court, To Decide Any Substantive Disputes Concerning Venue, Or Transfer This Case to Delaware.**

Under the first-to-file rule, the Court has discretion to choose whether to dismiss, stay, or transfer.  *Merial*, 681 F.3d at 1299.  In the event the Court declines to dismiss this case, the Court should transfer it to the District of Delaware, or stay proceedings to allow the Delaware court, as the first-filed court, to decide which case should proceed.  *See West Gulf*, 751 F.2d at 729; *Excentus*, 2010 WL 3606016, at *4 (staying proceedings pending the first-filed court's decision on which action should proceed); *Cellectis S.A. v. Precision Biosciences, Inc.*, 881 F. Supp. 2d 609, 613 (D. Del. 2012) (staying proceedings pursuant to the first-to-file rule so that the "remainder of the analysis (i.e., the determination of whether any exceptions to the rule may apply)" may be decided by the first-filed court).  This deference to the first-filed court is consistent with the underlying rationale for the first-to-file rule that only one court should

address the same issues in order to prevent the duplication of judicial efforts and the possibility of conflicting judicial resolutions.  *See id.*; *Save Power*, 121 F.3d at 950.

Transfer of this case to Delaware is also proper under 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There can be no dispute that this case could have been brought in Delaware, as Parallel Iron is a Delaware entity.  *See* 28 U.S.C. § 1391.  The convenience and public interest factors considered by courts in this Circuit also support transfer.  *See generally In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  Again, both Parallel Iron and Rackspace are Delaware entities.  The Delaware court is thus easily accessible to both parties.  On the other hand, Parallel Iron has no ties to Texas.  It would thus be substantially more burdensome and expensive for Parallel Iron to litigate in this District.  This is especially so in light of the fact that Parallel Iron is currently litigating multiple other cases concerning the same patents in Delaware.  As to the public concerns, Delaware has a strong interest in adjudicating this dispute.  *See Microsoft Corp. v. Geotag Inc.*, 847 F. Supp. 2d 675, 680 (D. Del. 2012) ("The public policy of Delaware encourages the use by Delaware corporations…of Delaware as a forum for the resolution of business disputes.").  The interests of judicial efficiency and economy also mandate that this case be transferred to Delaware, as the Delaware court is already familiar with the patents-in-suit and the issues related to Parallel Iron's infringement claims.  Furthermore, having the Delaware court decide this case would avoid the duplication of judicial efforts and eliminate the risk of inconsistent rulings.  For example, all of the related Delaware litigations overlap on issues such as validity, patentability, inventorship, etc., some if not all of which are certain to arise in this case.  It simply makes no sense to have two courts decide the same issues.

In the alternative, the Court should at least sever the patent claims and transfer these claims to the Delaware court.  Though Parallel Iron asserts that each of Rackspace's claims, including its breach of contract claim which is directly related to Parallel Iron's infringement claims, could have, and indeed should have, been brought before the Delaware court in the first

place, there can be no question that substantive issues pertaining to infringement of the patents-in-suit should be decided by the Delaware court.

        **E.**     **Parallel Iron Requests An Oral Hearing On This Motion.**

     Pursuant to Local Rule CV-7(h), Parallel Iron respectfully requests an oral hearing on this motion.

## IV.     CONCLUSION

     For the foregoing reasons, Parallel Iron respectfully requests that the Court dismiss this case pursuant to the first-to-file rule. In the alternative, Parallel Iron requests that the Court transfer this case to the Delaware court, or stay this case pending the Delaware court's resolution of which case should proceed. If the Court is inclined to decide Rackspace's breach of contract claim, Parallel Iron alternatively requests that the patent claims be severed and stayed or transferred to the Delaware court.

Date:  June 3, 2012                  Respectfully Submitted:

                              */s/ Carlos I. Uresti*
                              Carlos I. Uresti
                              Texas Bar No. 00785132
                              THE URESTI LAW FIRM, P.C.
                              924 McCullough Ave.
                              San Antonio, TX 78215
                              Tel:  (210) 927 3412
                              Fax: (210) 921 0430
                              carlos@urestilaw.com

                              *Counsel for Defendant*
                              *Parallel Iron, LLC*

## CERTIFICATE OF SERVICE

It is hereby certified that on June 3, 2012, the foregoing was electronically filed with the

Clerk of Court using the CM/ECF system.


_/s/ Carlos I. Uresti_____