# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARALLEL IRON, LLC, <br><br> Plaintiff <br><br> v. <br><br> CLOUDERA, INC.; GROUPON, INC.; JPMORGAN CHASE & CO.; NOKIA INC.; TWITTER, INC.; VISA INC.; QUALCOMM INCORPORATED; RACKSPACE US, INC.; TRULIA, INC.; EBAY INC.; PAYPAL, INC.; AND WAL-MART STORES, INC., <br><br> Defendants. | C.A. No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Parallel Iron, LLC files this complaint for patent infringement against Defendants Cloudera, Inc., Groupon, Inc., JPMorgan Chase & Co., Nokia Inc., Twitter, Inc., Visa Inc., Qualcomm Incorporated, Rackspace US, Inc., Trulia, Inc., Ebay Inc., Paypal, Inc., and Wal-Mart Stores, Inc.:

## PARTIES

2. Plaintiff Parallel Iron, LLC ("Parallel Iron") is a Delaware limited liability company.

3. Defendant Cloudera, Inc. ("Cloudera") is a Delaware corporation with a principal place of business at 220 Portage Avenue, Palo Alto, California 94306. Cloudera has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

4. Defendant Groupon, Inc. ("Groupon") is a Delaware corporation with a principal place of business at 600 West Chicago Avenue, Chicago, Illinois 60610. Groupon has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

5. Defendant JPMorgan Chase & Co. ("JPMorgan Chase") is a Delaware corporation with a principal place of business at 270 Park Avenue, New York, New York 10017. JPMorgan Chase has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

6. Defendant Nokia Inc. ("Nokia") is a Delaware corporation with a principal place of business at 200 South Matilda Avenue, W Washington Ave, Sunnyvale, California 94086. Nokia has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904 as its agent for service of process.

7. Defendant Twitter, Inc. ("Twitter") is a Delaware corporation with a principal place of business at 1355 Market Street, Suite 900, San Francisco, California 94103. Twitter has appointed Incorporating Services, Ltd., 3500 S. Dupont Highway, Dover, Delaware 19901, as its agent for service of process.

8. Defendant Visa Inc. ("Visa") is a Delaware corporation with a principal place of business at 900 Metro Center Blvd., Foster City, California 94404. Visa has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

9. Defendant Qualcomm Incorporated ("Qualcomm") is a Delaware corporation with a principal place of business at 5775 Morehouse Drive, San Diego, CA 92121. Qualcomm

has appointed The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

10. Defendant Rackspace US, Inc. ("Rackspace") is a Delaware corporation with a principal place of business at 5000 Walzem Road, San Antonio, Texas 78218. Rackspace has appointed Capitol Services, Inc., 1675 S. State Street, Suite B, Dover, Delaware 19901, as its agent for service of process.

11. Defendant Trulia, Inc. ("Trulia") is a Delaware corporation with a principal place of business at 116 New Montgomery Street, Suite 300, San Francisco, California 94105. Trulia has appointed Incorporating Services, Ltd., 3500 S. Dupont Highway, Dover, Delaware 19901, as its agent for service of process.

12. Defendant Ebay Inc. ("Ebay") is a Delaware corporation with a principal place of business at 2065 Hamilton Avenue, San Jose, California 95125. Ebay has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904, as its agent for service of process.

13. Defendant Paypal, Inc. ("Paypal") is a Delaware corporation with a principal place of business at 2211 North First Street, San Jose, California 95131. Paypal has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904, as its agent for service of process.

14. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with a principal place of business at 702 Sw 8th Street, Bentonville, Arkansas 72716. Wal-Mart has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process. Hereinafter, Cloudera,

Groupon, JPMorgan Chase, Nokia, Twitter, Visa, Qualcomm, Rackspace, Trulia, Ebay, Paypal, and Wal-Mart are collectively referred to as "Defendants."

**JURISDICTION AND VENUE**

15.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

16.     This Court has personal jurisdiction over Defendants because, among other reasons, Defendants are incorporated under the laws of the State of Delaware and have established minimum contacts with the forum state of Delaware. Defendants, directly and/or through third-party intermediaries, make, use, import, offer for sale, and/or sell products and services within the State of Delaware. Additionally, on information and belief, Defendants have committed and continue to commit acts of direct and indirect infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by Parallel Iron's patent in Delaware.

17.     The defendants are properly joined in this matter because defendants Groupon, JPMorgan Chase, Nokia, Twitter, Visa, Qualcomm, Rackspace, Trulia, Ebay, Paypal, and Wal-Mart ("Joined Defendants") are all using the same Hadoop Distributed File System software ("HDFS"), which is provided by defendant Cloudera, and thus Parallel Iron's right to relief with respect to the Joined Defendants at least arises out of the same transaction, occurrence, or series of transactions or occurrences regarding HDFS and its claims with respect to Cloudera, and questions of law or fact common to all Defendants will arise in the action.

18.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**FACTUAL BACKGROUND**

19. In this technological age, we take for granted the ability to access tremendous amounts of data through our computers and the Internet, a process that seems effortless and unremarkable. But this apparent effortlessness is an illusion, made possible only by technological wizardry. The amount of information that is used by many companies has outstripped the storage capacity of individual memory devices. The information must be stored across hundreds or thousands of individual memory devices and machines. The ability to keep track of information as it is distributed across numerous devices and machines, while still allowing users to retrieve it seamlessly upon request, is a feat that was impossible until recently. It was made possible by the innovations of technological pioneers like Melvin James Bullen, Steven Louis Dodd, William Thomas Lynch, and David James Herbison. Bullen, Dodd, Lynch and Herbison were, among others, members of a company dedicated to solving the difficult problems that limited the capacity of computer technology and the Internet, particularly problems concerning data storage. These engineers found innovative solutions for these problems and patented several technologies for data storage, including the ones at issue in this case. Many of the data-access feats we take for granted today are possible because of the data-storage inventions of Bullen, Dodd, Lynch and Herbison. Bullen, Dodd, Lynch and Herbison invented new ways of storing massive amounts of information across multiple memory devices that allow a storage system to track the information and quickly retrieve it, even when a memory device fails. In 2002, they applied for a patent covering their work, which the United States Patent Office issued in 2007 as U.S. Patent No. 7,197,662. Based on the same disclosure, the United States Patent Office issued U.S. Patent Nos. 7,543,177 and 7,958,388 in 2009 and 2011, respectively. They assigned their rights to these inventions to the company in which they were members.

20.     Defendants are technology companies that have been using Bullen, Dodd, Lynch and Herbison's inventions, benefiting from the hard work of these engineers, without their consent, and without compensating them or their company.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,197,662

21.     Parallel Iron realleges and incorporates by reference paragraphs 1-20 above.

22.     Parallel Iron is the owner by assignment of United States Patent No. 7,197,662 ("the '662 patent") entitled "Methods and Systems for a Storage System." The '662 patent was duly and legally issued by the United States Patent and Trademark Office on March 27, 2007. A true and correct copy of the '662 patent is attached as Exhibit A.

23.     Defendants make, use, offer for sale, sell and/or import into the United States products and/or services implementing HDFS.

24.     Upon information and belief, Defendants have infringed and continue to infringe the '662 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling high throughput computer data storage products and/or services covered by one or more claims of the '662 patent. Such products and/or services include, by way of example and without limitation, those implementing HDFS, which are covered by one or more claims of the '662 patent, including but not limited to claim 14. By making, using, importing, offering for sale, and/or selling products and/or services that are covered by one or more claims of the '662 patent, Defendants have injured Parallel Iron and are thus liable to Parallel Iron for infringement of the '662 patent pursuant to 35 U.S.C. §271.

25.     As a result of the Defendants' past infringement of the '662 patent, Parallel Iron has suffered monetary damages in an amount adequate to compensate for Defendants' past

6

infringement, but in no event less than a reasonable royalty for Defendants' use of the invention, together with interest and costs as fixed by the Court. Parallel Iron will continue to suffer these monetary damages in the future unless Defendants' infringing activities are enjoined by this Court.

26. Parallel Iron will be irreparably harmed unless this Court issues a permanent injunction enjoining the infringement of '662 patent by the Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others who are in active concert or participation with them.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,958,388

27. Parallel Iron realleges and incorporates by reference paragraphs 1-20 above.

28. Parallel Iron is the owner by assignment of United States Patent No. 7,958,388 ("the '388 patent") entitled "Methods and Systems for a Storage System." The '388 patent was duly and legally issued by the United States Patent and Trademark Office on June 7, 2011. A true and correct copy of the '388 patent is attached as Exhibit B.

29. Upon information and belief, Defendants have infringed and continue to infringe the '388 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling high throughput computer data storage products and/or services covered by one or more claims of the '388 patent. Such products and/or services include, by way of example and without limitation, those implementing HDFS, which are covered by one or more claims of the '388 patent, including but not limited to claim 2. By making, using, importing, offering for sale, and/or selling products and/or services that are covered by one or more claims of the '388 patent,

Defendants have injured Parallel Iron and are thus liable to Parallel Iron for infringement of the '388 patent pursuant to 35 U.S.C. §271.

30. As a result of Defendants' past infringement of the '388 patent, Parallel Iron has suffered monetary damages in an amount adequate to compensate for Defendants' past infringement, but in no event less than a reasonable royalty for Defendants' use of the invention, together with interest and costs as fixed by the Court. Parallel Iron will continue to suffer these monetary damages in the future unless Defendants' infringing activities are enjoined by this Court.

31. Parallel Iron will be irreparably harmed unless this Court issues a permanent injunction enjoining the infringement of '388 patent by the Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others who are in active concert or participation with it.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,543,177

32. Parallel Iron realleges and incorporates by reference paragraphs 1-20 above.

33. Parallel Iron is the owner by assignment of United States Patent No. 7,543,177 ("the '177 patent") entitled "Methods and Systems for a Storage System." The '177 patent was duly and legally issued by the United States Patent and Trademark Office on June 2, 2009. A true and correct copy of the '177 patent is attached as Exhibit C.

34. Upon information and belief, Defendants have infringed and continue to infringe the '177 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling high throughput computer data storage products and/or services covered by one or more claims of the '177 patent. Such products and/or services include, by way of example and without limitation,

those implementing HDFS, which are covered by one or more claims of the '177 patent. By making, using, importing, offering for sale, and/or selling products and/or services that are covered by one or more claims of the '177 patent, Defendants have injured Parallel Iron and are thus liable to Parallel Iron for infringement of the '177 patent pursuant to 35 U.S.C. §271.

35. As a result of Defendants' past infringement of the '177 patent, Parallel Iron has suffered monetary damages in an amount adequate to compensate for Defendants' past infringement, but in no event less than a reasonable royalty for Defendants' use of the invention, together with interest and costs as fixed by the Court. Parallel Iron will continue to suffer these monetary damages in the future unless Defendants' infringing activities are enjoined by this Court.

36. Parallel Iron will be irreparably harmed unless this Court issues a permanent injunction enjoining the infringement of '177 patent by the Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others who are in active concert or participation with it.

## **PRAYER FOR RELIEF**

For the above reasons, Parallel Iron respectfully requests that this Court enter:

a. A judgment in favor of Parallel Iron that Defendants have infringed the '662 patent, the '388 patent, and the '177 patent;

b. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, inducing the infringement of, or contributing to the infringement of the '662 patent, the '388 patent, and the '177 patent;

      c.      A judgment and order requiring Defendants to pay Parallel Iron its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '662 patent, the '388 patent, and the '177 patent as provided under 35 U.S.C. § 284; and

      d.      Any and all other relief to which Parallel Iron may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Parallel Iron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 18, 2013

OF COUNSEL:

Alexander C. D. Giza
Paul Kroeger
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
agiza@rawklaw.com
pkroeger@raklaw.com
(310) 826-7474

BAYARD, P.A.

 /s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff Parallel Iron, LLC*