IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RACKSPACE US, INC., <br><br> Plaintiff, <br><br> v. <br><br> PARALLEL IRON, LLC and <br> IP NAVIGATION GROUP, LLC, <br><br> Defendants. | Civil Action No. 5:13-cv-00274-OLG |

**DEFENDANT PARALLEL IRON, LLC'S**
**<u>ANSWER TO PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendant, Parallel Iron, LLC ("Parallel Iron") through its undersigned counsel, hereby files its Answer to the Amended Complaint ("Amended Complaint") of Plaintiff Rackspace US, Inc. ("Plaintiff") as follows:

**<u>INTRODUCTION</u>**

1. Parallel Iron admits that Plaintiff purports to assert an action for a declaratory judgment of noninfringement against Parallel Iron and for breach of contract against Parallel Iron and IP Navigation Group ("IPNav"). Parallel Iron denies that Plaintiff is entitled to assert these claims and denies that Plaintiff is entitled to its requested relief. Parallel denies any remaining allegations in Paragraph 1 of the Amended Complaint, including any explicit or implied allegations of non-infringement and breach of contract.

2. Parallel Iron admits that Plaintiff purports to request this Court to enter a judgment declaring that Plaintiff does not infringe U.S. Patent Nos. 7,197,662 ("the '662 patent"), 7,543,177 ("the '177 patent"), and 7,958,388 ("the '388 patent") (collectively, the "patents-in-suit") but denies that Plaintiff is entitled to such requested declaratory relief. Parallel

Iron admits that it owns the patents-in-suit.  Parallel denies any remaining allegations of Paragraph 2 of the Amended Complaint, including any explicit or implied allegations of non-infringement of the patents-in-suit.

3. Parallel Iron denies the allegations of Paragraph 3 of the Amended Complaint.

4. Parallel Iron admits that on March 18, 2013, Parallel Iron sued Plaintiff and 11 other defendants in the United States District Court for the District of Delaware for infringement of the patents-in-suit, Civil Action No. 1:13-cv-00443-RGA, ("the Delaware Action").  Parallel Iron admits that it has filed related patent infringement lawsuits in Delaware.  Parallel Iron denies any remaining allegations in Paragraph 4 of the Amended Complaint.

5. Parallel Iron admits, upon information and belief, that IPNav sent a letter (Exhibit A to the Amended Complaint) to Plaintiff in December 2010.  Parallel Iron admits that Exhibit A asks Plaintiff to discuss patent licensing opportunities and that it asks Plaintiff to enter into a "Confidentiality and Forbearance Agreement" through its licensing advisor, IPNav.  Parallel Iron denies the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Parallel Iron admits that Exhibit A asks Plaintiff "not to institute litigation against our client on the basis of our client's request to seek amicable licensing discussions."  Parallel Iron denies the remaining allegations in Paragraph 6 of the Amended Complaint.

**PARTIES**

7. Parallel Iron admits, upon information and belief, that Plaintiff is a corporation organized under the laws of Delaware with its principal office located at 5000 Walzem Road, San Antonio, TX 78218-2117.

8. Parallel Iron admits the allegations in Paragraph 8 of the Amended Complaint.

9. Parallel Iron admits, upon information and belief, that IPNav is a Texas limited liability company with its principal office located at 2515 McKinney Avenue, Suite 1000, Dallas, TX 75201 and that it may be served through Erich Spangenberg at its principal office.

## JURISDICTION AND VENUE

10. The allegations in Paragraph 10 of the Amended Complaint are legal conclusions for which no response is required. To the extent that Paragraph 10 asserts factual allegations, those allegations are denied.

11. Upon information and belief, Parallel Iron admits that IPNav, on behalf of Parallel Iron ("a certain confidential client"), executed a "Forbearance Agreement" (Exhibit B to the Amended Complaint) with Plaintiff. Parallel Iron admits that, when the "Forbearance Agreement" was executed, Parallel Iron was a Texas limited liability company with its principal office in Austin, Texas. Parallel Iron denies the remaining allegations in Paragraph 11 of the Amended Complaint.

12. The allegations in Paragraph 12 of the Amended Complaint are legal conclusions for which no response is required. To the extent that Paragraph 12 asserts factual allegations, those allegations are denied.

## FACTUAL BACKGROUND

13. Parallel Iron admits that it was created as a Delaware limited liability company in June 2012 and that it later filed the Delaware Action asserting the patents-in-suit against Plaintiff. Parallel Iron admits that it has filed related patent infringement lawsuits in Delaware. Parallel Iron denies the remaining allegations in Paragraph 13 of the Amended Complaint.

14. Parallel Iron admits that the applications for the patents-in-suit were assigned to RING Technology Enterprises, LLC, of Virginia, which later changed its name to RING

Technology Enterprises, Inc., of Virginia.  Parallel Iron denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15. Parallel Iron admits that the patents-in-suit were assigned by RING Technology Enterprises, Inc. to RING Technology Enterprises of Texas, LLC, located in Tyler, Texas. Parallel Iron denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16. Parallel Iron admits the allegations in Paragraph 16 of the Amended Complaint.

17. Parallel Iron admits the allegations in Paragraph 17 of the Amended Complaint.

18. Parallel Iron admits that Parallel Iron-Texas asserted U.S. Patent No. 7,415,565 ("the '565 patent") in *Parallel Iron, LLC v. Accela Communications, Inc.*, No. 6-11-cv-36 (E.D. Tex. (Tyler)), as well as in other cases against multiple defendants in Delaware from September 2011 through April 2012.  Parallel Iron denies any remaining allegations in Paragraph 18 of the Amended Complaint.

19. Parallel Iron denies the allegations in Paragraph 19 of the Amended Complaint.

20. Parallel Iron admits that it was formed as a Delaware limited liability company in June 2012 and that it later filed the Delaware Action asserting the patents-in-suit against Plaintiff.  Parallel Iron admits that it has filed related patent infringement lawsuits in Delaware. Parallel Iron denies any remaining allegations in Paragraph 13 of the Amended Complaint.

21. Parallel Iron admits, upon information and belief, that IPNav sent a letter (Exhibit A to the Amended Complaint) to Plaintiff in December 2010 and that the letter describes IPNav as "a leading global intellectual property advisory firm."  Parallel Iron is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 21 of the Amended Complaint.

22.     Parallel Iron admits that Exhibit A states that IPNav had "been engaged by [a] client who owns valuable patents and related intellectual property directed to the field of data storage." Parallel Iron admits that Exhibit A states that:

> Our client has completed an analysis of your products and believes that your company makes, uses or sells products or services that would benefit from a license to certain of our client's patents.

Parallel Iron denies the remaining allegations in Paragraph 22 of the Amended Complaint.

23.     Parallel Iron admits that Exhibit A asks Plaintiff to discuss patent licensing opportunities and that it asks Plaintiff to enter into a "Confidentiality and Forbearance Agreement" through its licensing advisor, IPNav, which would preclude Plaintiff from filing a declaratory judgment action against IPNav or its client. Parallel Iron is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23 of the Amended Complaint.

24.     Parallel Iron admits that Exhibit A states that "[o]ur client has agreed to keep this offer open for the next ten days." Parallel Iron admits that Exhibit A states that:

> Our client is focused on addressing these issues without the need for costly and protracted litigation.
>
> ***
>
> As stated above, our client's preferred approach is to conclude licensing discussions without resorting to litigation. We hope you share this objective.

Parallel Iron denies the remaining allegations in Paragraph 24 of the Amended Complaint.

25.     Upon information and belief, Parallel Iron admits that IPNav, on behalf of Parallel Iron ("a certain confidential client"), executed a "Forbearance Agreement" (Exhibit B to the Amended Complaint) with Plaintiff. Parallel Iron is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 25 of the Amended Complaint.

26. Parallel Iron admits that Exhibit B states that the Parties "wish to engage in discussions to determine whether Plaintiff may benefit from a license to certain patents." Parallel Iron is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 26 of the Amended Complaint.

27. Parallel Iron admits that Exhibit B states that:

> Each Party agrees that it will not bring litigation against the other Party from the date of execution of this Agreement until 30 days after either Party provides written notice to the other Party that discussions between the Parties have ended.

Parallel Iron admits that Exhibit B states that:

> Each of the Parties acknowledges and agrees that monetary damages would not adequately compensate an injured Party for the breach of this Agreement by any Party, that this Agreement shall be specifically enforceable and that any breach or threatened breach of this Agreement shall be the proper subject of a temporary or permanent injunction . . . .

Parallel Iron is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 27 of the Amended Complaint.

28. Upon information and belief, Parallel Iron admits that IPNav identified the '662 patent, the '565 patent, the '177 patent, and U.S. Patent Application No. 12/476,212 ("the '212 application") to Plaintiff in December 2010. Parallel Iron admits that the '212 application ultimately issued as the '388 patent. Parallel Iron is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 28 of the Amended Complaint.

29. Parallel Iron admits the allegations in Paragraph 29 of the Amended Complaint.

30. Parallel Iron admits, upon information and belief, that Plaintiff and Parallel Iron through its licensing advisor, IPNav, exchanged letters and emails regarding patent licensing. Parallel Iron denies the remaining allegations in Paragraph 30 of the Amended Complaint.

31. Parallel Iron admits that it filed the Delaware Action against Plaintiff and 11 other defendants for, among other things, making, using, importing, offering for sale and/or selling

high throughput computer data storage products and/or services, including those implementing Hadoop Distributed File System ("HDFS"), covered by one or more claims of the patents-in-suit. Parallel Iron admits that it has filed related patent infringement lawsuits in Delaware. Parallel Iron denies the remaining allegations in Paragraph 31 of the Amended Complaint.

32. Upon information and belief, Parallel Iron admits that IPNav, on behalf of Parallel Iron, executed a "Forbearance Agreement" (Exhibit B to the Amended Complaint) with Plaintiff. Parallel Iron admits that Exhibit B states that "[t]he Parties hope to meet amicably and constructively without the risk that the licensing discussions could precipitate litigation between the Parties." Parallel Iron denies the remaining allegations in Paragraph 32 of the Amended Complaint.

33. Parallel Iron denies the allegations in Paragraph 33 of the Amended Complaint.

## COUNT I:
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '662 PATENT

34. No response is required to Plaintiff's incorporation by reference of Paragraphs 1 through 33 of Plaintiff's claims. To the extent that a response is deemed required, Parallel Iron incorporates by reference Paragraphs 1 through 33 above as though fully set forth herein.

35. Parallel Iron admits the allegations in Paragraph 35 of the Amended Complaint.

36. Parallel Iron admits that it asserts in the Delaware Action that Plaintiff's use of HDFS, among other things, infringes the '662 patent. Parallel Iron admits that the December 2010 letter from IPNav to Plaintiff (Exhibit A to the Amended Complaint) states that "[o]ur client believes that your company makes, uses or sells products or services that would benefit from a license to certain of our client's patents." Parallel Iron denies the remaining allegations in Paragraph 36 of the Amended Complaint.

37. Parallel Iron admits that Plaintiff purports to contend that is does not infringe any valid claim of the '662 patent but denies any remaining allegations of Paragraph 37 of the Amended Complaint, including any explicit or implied allegations of non-infringement or invalidity of the '662 patent.

38. Parallel Iron admits that a judiciable controversy exists regarding the '662 patent between Plaintiff and Parallel Iron. The remaining allegations in Paragraph 38 of the Amended Complaint are legal conclusions for which no response is required, but to the extent that the remaining allegations in Paragraph 38 are deemed to be factual allegations, those allegations are denied.

## COUNT II:
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '177 PATENT

39. No response is required to Plaintiff's incorporation by reference in Paragraphs 1 through 38 of Plaintiff's claims. To the extent that a response is deemed required, Parallel Iron incorporates by reference Paragraphs 1 through 38 above as though fully set forth herein.

40. Parallel Iron admits the allegations in Paragraph 40 of the Amended Complaint.

41. Parallel Iron admits that it asserts in the Delaware Action that Plaintiff's use of HDFS, among other things, infringes the '177 patent. Parallel Iron admits that the December 2010 letter from IPNav to Plaintiff (Exhibit A to the Amended Complaint) states that "[o]ur client believes that your company makes, uses or sells products or services that would benefit from a license to certain of our client's patents." Parallel Iron denies the remaining allegations in Paragraph 41 of the Amended Complaint.

42. Parallel Iron admits that Plaintiff purports to contend that is does not infringe any valid claim of the '177 patent but denies any remaining allegations in Paragraph 42 of the

Amended Complaint, including any explicit or implied allegations of non-infringement or invalidity of the '177 patent.

43. Parallel Iron admits that a judiciable controversy exists regarding the '177 patent between Plaintiff and Parallel Iron. The remaining allegations in Paragraph 43 of the Amended Complaint are legal conclusions for which no response is required, but to the extent that the remaining allegations in Paragraph 43 are deemed to be factual allegations, those allegations are denied.

## COUNT III:
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '388 PATENT

44. No response is required to Plaintiff's incorporation by reference of Paragraphs 1 through 43 of Plaintiff's claims. To the extent that a response is deemed required, Parallel Iron incorporates by reference Paragraphs 1 through 43 above as though fully set forth herein.

45. Parallel Iron admits the allegations in Paragraph 45 of the Amended Complaint.

46. Parallel Iron admits that it asserts in the Delaware Action that Plaintiff's use of HDFS, among other things, infringes the '388 patent. Parallel Iron admits that the December 2010 letter from IPNav to Plaintiff (Exhibit A to the Amended Complaint) states that "[o]ur client believes that your company makes, uses or sells products or services that would benefit from a license to certain of our client's patents." Parallel Iron denies the remaining allegations in Paragraph 46 of the Amended Complaint.

47. Parallel Iron admits that Plaintiff purports to contend that is does not infringe any valid claim of the '388 patent but denies any remaining allegations of Paragraph 47 of the Amended Complaint, including any explicit or implied allegations of non-infringement or invalidity of the '388 patent.

48. Parallel Iron admits that a judiciable controversy exists regarding the '388 patent between Plaintiff and Parallel Iron. The remaining allegations in Paragraph 48 of the Amended Complaint are legal conclusions for which no response is required, but to the extent that the remaining allegations in Paragraph 48 are deemed to be factual allegations, those allegations are denied.

## COUNT IV:
## BREACH OF CONTRACT

49. No response is required to Plaintiff's incorporation by reference of Paragraphs 1 through 48 of Plaintiff's claims. To the extent that a response is deemed required, Parallel Iron incorporates by reference Paragraphs 1 through 48 above as though fully set forth herein.

50. Parallel Iron admits that Exhibit B states that:

> Each Party agrees that it will not bring litigation against the other Party from the date of execution of this Agreement until 30 days after either Party provides written notice to the other Party that discussions between the Parties have ended.

Parallel Iron admits that it filed the Delaware Action against Plaintiff. Parallel Iron denies the remaining allegations in Paragraph 50 of the Amended Complaint.

51. Parallel Iron denies the allegations in Paragraph 51 of the Amended Complaint.

52. Parallel Iron denies the allegations in Paragraph 52 of the Amended Complaint.

53. Parallel Iron denies the allegations in Paragraph 53 of the Amended Complaint.

54. Parallel Iron denies the allegations in Paragraph 54 of the Amended Complaint.

## CONDITIONS PRECEDENT

55. Parallel Iron denies the allegations in Paragraph 55 of the Amended Complaint.

## ATTORNEYS' FEES

56. A response is not required to Plaintiff's request for an award of its reasonable attorneys' fees and costs pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code.

To the extent that a response is deemed required, Parallel Iron denies that Plaintiff is entitled to be awarded any relief whatsoever. Parallel Iron is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 56 of the Amended Complaint.

## JURY DEMAND

57. A response is not required to Plaintiff's demand for jury trial. To the extent that a response is deemed required, Parallel Iron also requests a jury trial for all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PLAINTIFF'S PRAYER

58. A response is not required to Plaintiff's Prayer for Relief. To the extent that a response is deemed required, Parallel Iron denies that Plaintiff is entitled to be awarded any relief whatsoever. Plaintiff's Prayer should be denied in its entirety and with prejudice.

## AFFIRMATIVE DEFENSES

59. Further to answering the Amended Complaint, Parallel Iron asserts the following defenses. In doing so, Parallel Iron does not assume the burden of proof with respect to those related matters that, pursuant to law, Plaintiff bears the burden.

### First Affirmative Defense (All Counts)

60. This case should be dismissed in its entirety in favor of the first-filed Delaware Action.

### Second Affirmative Defense (Count IV)

61. Plaintiff's claims are barred by the doctrines of estoppel, waiver, and unclean hands.

### Third Affirmative Defense (Count IV)

62. Plaintiff's breach of contract claim fails because such claim is based on obligations that were extinguished through novation, alteration by performance, substituted contract, or modification.

### Fourth Affirmative Defense (Count IV)

63. Plaintiff's claims are barred by its failure to mitigate damages.

### Fifth Affirmative Defense (Count IV)

64. Plaintiff's claims are barred by rescission or mutual abandonment of a contract.

### Sixth Affirmative Defense (Count IV)

65. Plaintiff has not sustained any legally cognizable injury and therefore lacks standing.

### Seventh Affirmative Defense (Count IV)

66. Plaintiff's claims are barred by an implied reasonable time to complete performance of the contract.

### Eighth Affirmative Defense (Count IV)

67. Plaintiff's claims and resulting damages were proximately caused by its own intentional actions.

### Ninth Affirmative Defense (Count IV)

68. Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

### Tenth Affirmative Defense (Count IV)

69. Parallel Iron alleges that because Plaintiff's claims are couched in conclusory terms, Parallel Iron cannot fully anticipate all affirmative defenses that may be applicable.

Accordingly, Parallel Iron reserves the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable.

## **PARALLEL IRON'S DEMAND FOR JURY TRIAL**

70. Parallel Iron demands a trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PARALLEL IRON'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Parallel Iron, LLC prays as follows:

A. that the Amended Complaint be dismissed in its entirety, with prejudice, and that a judgment be entered for Parallel Iron;

B. that Plaintiff take nothing by reason of its Amended Complaint;

C. an award to Parallel Iron of its costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case or as otherwise permitted by law; and

D. any further relief that this Court deems just and proper.

Date:  June 3, 2012                                   Respectfully Submitted:

                                                 */s/ Carlos I. Uresti*
                                                 Carlos I. Uresti
                                                 Texas Bar No. 00785132
                                                 THE URESTI LAW FIRM, P.C.
                                                 924 McCullough Ave.
                                                 San Antonio, TX 78215
                                                 Tel:  (210) 927 3412
                                                 Fax: (210) 921 0430
                                                 carlos@urestilaw.com

                                                 *Counsel for Defendant*
                                                 *IP Navigation Group, LLC*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on June 3, 2012, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

                                                     */s/ Carlos I. Uresti*