**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

RACKSPACE US, INC.

    Plaintiff,

v.                                      C.A. No. 5:13-cv-00274-OLG

PARALLEL IRON, LLC and IP
NAVIGATION GROUP, LLC,

    Defendants.

**DEFENDANT PARALLEL IRON, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO THE FIRST-TO-FILE RULE, OR, IN THE ALTERNATIVE, STAY THIS CASE IN FAVOR OF THE FIRST-FILED CASE IN THE DISTRICT OF DELAWARE, TRANSFER THIS CASE TO THE DISTRICT OF DELAWARE, OR SEVER AND TRANSFER THE PATENT CLAIMS TO THE DISTRICT OF DELAWARE**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................... 1

II.    ARGUMENT .......................................................................................................................... 3

    A.    This Court Should Defer To The First-Filed Delaware Court To Decide Which Case Should Proceed. ........................................................................................................ 3

    B.    Rackspace Has Failed To Demonstrate "Compelling Circumstances" Justifying Departure From The First-To-File Rule. .............................................................................. 3

        a)    Parallel Iron in good faith believed that the Forbearance Agreement had expired. ............................................................................................................... 4

        b)    The anticipatory lawsuit exception is inapplicable. ............................................... 4

        c)    The interests of judicial efficiency and economy favor the Delaware forum. ........ 6

III.    CONCLUSION ....................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Electronics for Imaging, Inc. v. Coyle*
  394 F.3d 1341 (Fed. Cir. 2005)..................................................................................................4

*Excentus Corp. v. Kroger Co.*
  No. 3:10-CV-0483-B, 2010 U.S. Dist. LEXIS 97130 (N.D. Tex. Sept. 16, 2010)...................4

*Cradle IP, LLC v. Texas Instruments, Inc.*
  No. CIV. 11-1254-SLR, 2013 WL 548454 (D. Del. Feb. 13, 2013)..........................................6

*Mann Mfg., Inc. v. Hortex, Inc.*
  439 F.2d 403 (5th Cir. 1971) .....................................................................................................4

*Micron Tech., Inc. v. Mosaid Technologies, Inc.*
  518 F.3d 897 (Fed. Cir. 2008)....................................................................................................3

*Sutter Corp. v. P & P Indus., Inc.*
  125 F.3d 914 (5th Cir. Tex. 1997) .............................................................................................3

*Twin City Ins. Co. v. Key Energy Servs., Inc.*
  No. H-09-03522009, U.S. Dist. LEXIS 46267 (S.D. Tex. June 2, 2009)............................3, 6

*Woodbolt Distribution, LLC v. Natural Alternatives Intern., Inc.*
  C.A. No. 11–1266 GMS2013, 2013 WL 247041 (D. Del. Jan. 23, 2013)................................5

**I.     INTRODUCTION**

Rackspace does not dispute that the Delaware Action, which concerns the same three patents at issue in this case and presents identical issues of patent infringement, is the first-filed action. Rackspace argues that the Court should disregard the first-to-file rule, and let this case proceed concurrently with the Delaware Action because a) Parallel Iron filed the Delaware Action in anticipation of being sued by Rackspace in this District and b) this District is far more convenient than the Delaware forum. Rackspace's contentions are factually incorrect and legally unsupported.

Rackspace's reliance on Parallel Iron's alleged breach of the Forbearance Agreement, under which both parties agreed to not bring litigation until 30 days after either party has provided written notice that licensing discussions were ended, is unavailing. At the time Parallel Iron filed the Delaware Action in March 2013, Parallel Iron in good faith believed that the Forbearance Agreement had expired given that more than 2 years had passed since its execution, and that licensing negotiations were no longer ongoing. In fact, in January 2011, IP Nav on behalf of Parallel Iron engaged in discussions with counsel for Rackspace regarding the possibility of extending the forbearance period through the end of February 2011, to which both parties agreed.[1] Thus, *both* Parallel Iron and Rackspace believed that the forbearance period of the Agreement expired in February 2011 – more two years before Parallel Iron filed the Delaware Action. Furthermore, Rackspace has failed to provide any evidence that it intended to file suit against Parallel Iron prior to the filing of the Delaware Action, let alone that Parallel Iron was aware of such intent when it filed suit. To the contrary, the record shows that Parallel Iron's decision to file suit against Rackspace in Delaware was simply a logical choice given that Parallel Iron has been and currently is litigating multiple other related lawsuits concerning the very same patents in the District of Delaware since 2011.

---

[1] Attached as Exhibit 1 are emails between Erich Spangenberg of IP Nav and counsel for Rackspace discussing the proposed extension of the forbearance period through February 2011.

Even assuming that Parallel Iron breached the Agreement, Rackspace has provided no authority that breach of a covenant not to sue, by itself, constitutes a basis for departing from the first-to-file rule. To the extent Rackspace argues that the alleged breach is a basis for applying the anticipatory lawsuit exception, this argument must be rejected. Under the terms of the Agreement, litigation could not be anticipated by either party absent written notice that licensing discussions were ended. Because neither party provided such notice, the Delaware Action could not possibly have been anticipatory. Again, Rackspace has failed to provide any evidence that a lawsuit was imminent and that Parallel Iron filed the Delaware Action in anticipation of such lawsuit.

Rackspace's allegations that this District is "far more convenient" than the Delaware forum are equally unavailing. The Delaware court properly has jurisdiction over this case, as both Parallel Iron and Rackspace are Delaware entities. While it is true that Rackspace is headquartered in in San Antonio, this does not constitute the compelling circumstances required to justify departure from the first-to-file rule. Indeed, it is apparent that most if not all of the relevant witnesses, including Parallel Iron's members, the inventors of the patents-in-suit, the prosecuting attorneys, as well as the manufacturer of the HDFS system being accused in this case, reside *outside of* this District. Rackspace, on the other hand, has failed to identify a single witness who resides in this District. Rackspace's speculative allegations regarding its hypothetical "ex-employees" who *might* be relevant witnesses and who *might* still reside in San Antonio are insufficient.

Any of the purported benefits of litigating in this district are substantially outweighed by the fact the District of Delaware has been and still is the center for litigation over Parallel Iron's storage technology patents for several years. As such, it would be far more efficient for the Delaware court to decide this dispute. Rackspace's retaliatory conduct in filing this duplicative lawsuit, in an apparent attempt to deprive Parallel Iron – the true plaintiff – of its right to select the proper forum constitutes an abusive, wasteful use of the judicial system. Accordingly, this

Court should dismiss, stay, or transfer this case pursuant to the first-to-file rule, or, in the alternative, sever the patent claims and transfer them to the District of Delaware.

II.     ARGUMENT

   A.   This Court Should Defer To The First-Filed Delaware Court To Decide Which Case Should Proceed.

Fifth Circuit precedent requires that "the court in which an action is first filed must determine whether subsequently filed cases involving substantially similar issues should proceed." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. Tex. 1997) (finding that the Texas district court, as the second-filed court, abused its discretion by failing to allow the first-filed Oklahoma court to decide the issue of whether the Texas action should be allowed to proceed independently or should be consolidated in Oklahoma).  *See also Twin City Ins. Co. v. Key Energy Servs., Inc.*, C.A. No. H-09-03522009, U.S. Dist. LEXIS 46267, at *16-17 (S.D. Tex. June 2, 2009) ("The rule vests in the court in which the first of the two related actions was filed the responsibility of 'determin[ing] whether subsequently filed cases involving substantially similar issues should proceed.' [Citation.]  Therefore, the second-filed court should usually stay, dismiss, or transfer the action over which it is presiding in deference to the first-filed court."). Rackspace does not dispute that this action and the Delaware Action substantially overlap, and that the Delaware Action is the first-filed action.  Accordingly, this Court should either dismiss, stay, or transfer this case in order to let the Delaware court decide the issue of which venue this case should proceed in.

   B.   Rackspace Has Failed To Demonstrate "Compelling Circumstances" Justifying Departure From The First-To-File Rule.

Rackspace's contention that its choice of venue is "entitled to deference" and that Parallel Iron has the burden to demonstrate that the Delaware forum is more convenient is contrary to the fundamental principles of comity and the first-to-file rule, which dictates that "[t]he general rule favors the forum of the first-filed action." *Micron Tech., Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008).  *See also Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th

3

Cir. 1971) ("In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case."). Since the Delaware Action is indisputably the first-filed action, the Delaware forum is entitled to deference unless Rackspace is able to demonstrate that "considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005). Rackspace fails to meet this burden.

### a) Parallel Iron in good faith believed that the Forbearance Agreement had expired.

Rackspace's unfounded allegations that Parallel Iron breached the Forbearance Agreement do not constitute compelling circumstances justifying departure from the first-to-file rule. At the time Parallel Iron filed the Delaware Action, Parallel Iron reasonably and in good faith believed that the Agreement had expired. Rackspace's own conduct in negotiating an extension of the forbearance period through February 2011 confirms this. Rackspace's accusations that Parallel Iron "cheated" by filing the Delaware Action – filed more than two years after the agreed forbearance period had expired – are disingenuous at best and must be rejected.

### b) The anticipatory lawsuit exception is inapplicable.

Rackspace's argument for application of the anticipatory lawsuit exception to the first-to-file rule is factually incorrect and legally unsupported. Under the anticipatory lawsuit exception, "courts will generally not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit involving the same issues in a different forum." *Excentus Corp. v. Kroger Co.*, C.A. No. 3:10-CV-0483-B, 2010 U.S. Dist. LEXIS 97130, at *8 (N.D. Tex. Sept. 16, 2010). "The reasoning underlying this exception is that anticipatory filing in order to avoid litigation by the defendant deprives the 'true plaintiff' of his right to select the proper forum." *Id.* In the patent context, this situation typically arises when a potential infringer, upon receiving notice of the patentee's intent to file a patent infringement suit, preemptively files a declaratory judgment action against the patentee in

4

order secured a preferred forum.  *See, e.g., Woodbolt Distribution, LLC v. Natural Alternatives Intern., Inc.*, C.A. No. 11–1266 GMS2013, 2013 WL 247041, at *4-*5 (D. Del. Jan. 23, 2013) (dismissing the first-filed declaratory judgment action filed by the accused infringer pursuant to the anticipatory lawsuit exception, finding that the evidence "strongly suggest[ed] that a patent infringement suit from [the patentee] was 'imminent'").  This case presents the complete opposite scenario: the first-filed Delaware Action is a patent infringement suit filed by the Parallel Iron, the patent holder.  Furthermore, Rackspace has failed to provide any evidence that a lawsuit by Rackspace was imminent, let alone that Parallel Iron was aware of such lawsuit.  Indeed, that Rackspace was allegedly "blindsided" by the filing of the Delaware Action establishes that Rackspace filed this lawsuit merely as a retaliatory measure.  (*See* D.I. 21 at 7.)  The anticipatory lawsuit exception is thus inapplicable.  Rackspace's attempt to turn this exception on its head in order to deprive Parallel Iron – the true plaintiff – of its right to select the proper forum must be rejected.

Even assuming that Parallel Iron breached the Forbearance Agreement – which Parallel Iron disputes – Rackspace's allegation that Parallel Iron failed to provide the written notice required by the Forbearance Agreement only further undermines its argument that the Delaware Action was anticipatory.  The Agreement provides: "Each Party agrees that it will not bring litigation against the other Party from the date of execution of this Agreement until 30 days after either Party provides written notice to the other Party that discussions between the Parties have ended."  (D.I. 14-2.)  Since neither Parallel Iron nor Rackspace provided notice that licensing discussions had ended, *neither* party could have anticipated litigation, and the Delaware Action therefore could not possibly have been an anticipatory filing.  Indeed, Rackspace has failed to set forth a single piece of evidence that Parallel Iron filed the Delaware Action in anticipation of being sued by Rackspace in this Court.  Rather, the record clearly shows that Parallel Iron's filing suit in Delaware was a logical choice given that it has been and is currently litigation several other cases involving the same patents-in-suit in Delaware.

Finally, Rackspace's contention it would somehow be "penalized" for engaging in licensing discussions with Parallel Iron if the first-to-file rule is applied is equally unavailing. As explained by the court in *Twin City Ins. Co. v. Key Energy Servs., Inc.*, 2009 U.S. Dist. LEXIS 46267, at *24-25 (S.D. Tex. June 2, 2009), "[a]n inequity justifying deviation from the first-to-file rule arises when Party A notifies Party B of a dispute in an effort to settle the dispute without initiating litigation only to have Party B rush to the courthouse to secure its desired forum in the event that settlement discussions fail." That is clearly not the case here, as it is undisputed that Parallel Iron – not Rackspace – initiated the licensing discussions in an effort to avoid litigation over Rackspace's alleged infringement. Rackspace cannot complain that it is being penalized for engaging in licensing discussions which it did not initiate in the first place. Rackspace is in no worse position than it would have been had Parallel Iron decided to file suit against Rackspace without first attempting to negotiate a license agreement.

### c) The interests of judicial efficiency and economy favor the Delaware forum.

As set forth in further detail in Parallel Iron's motion, Delaware has been and still is the center for litigation concerning Parallel Iron's storage technology patents since 2011. The Delaware Action is one of over 16 cases – which have all been coordinated for pretrial purposes – involving the same patents-in-suit currently pending before Judge Andrews in the District of Delaware. It would thus be far more efficient for the Delaware court, which is already familiar with the technology at issue, to decide this case. Moreover, the Delaware court has a strong interest in deciding this case as both Parallel Iron and Rackspace are incorporated under the laws of Delaware. The specific timing and reasons for Parallel Iron's incorporation in Delaware are irrelevant. In *Cradle IP, LLC v. Texas Instruments, Inc.*, No. CIV. 11-1254-SLR, 2013 WL 548454 (D. Del. Feb. 13, 2013), the District of Delaware squarely rejected arguments similar to those made by Rackspace, finding that "the fact that a plaintiff is characterized as a 'litigation vehicle' does not detract from the weight accorded a plaintiff's choice of forum." *Id.* at *3. The court also rejected defendant's arguments that plaintiff's incorporation in Delaware was done

solely for the purpose of suing in Delaware: "Of course, business entities choose their situs of incorporation for varied reasons, including the ability to sue and be sued in that venue. Again, the court declines to detract from the weight accorded a plaintiff's choice of forum because of the timing of Cradle IP's formation and incorporation." *Id.*

The fact that Rackspace has asserted a claim for breach of contract is inconsequential. The primary issue raised by both this case and the Delaware Action is whether Rackspace infringes the patent-in-suit. *See Excentus*, 2010 WL 3606016, at *2 (rejecting argument that the presence of additional state law claims precludes application of the first-to-file rule). The Delaware court is fully capable of deciding Rackspace's simple ancillary breach of contract claim, as federal courts sitting in diversity jurisdiction routinely decide issues of state law.

Rackspace's allegations that most of the evidence and witnesses are located in San Antonio, and that only San Antonio will have subpoena power over the non-party witnesses are specious, unsupported and must be rejected. As acknowledged by Rackspace, relevant non-party witnesses have yet to be identified. Moreover, Rackspace's accused HDFS system is provided by Cloudera, Inc., a California-based company who is also a defendant in the Delaware Action; Parallel Iron is a Delaware entity with no ties to Texas; none of the four named inventors of the patents-in-suit resides in Texas; and none of the witnesses previously identified in other related litigations as having knowledge regarding prosecution of the patents-in-suit reside in Texas. It is thus apparent that the majority of the potential witnesses in this case, including third-party witnesses, actually reside outside of Texas. Moreover, to the extent that any Rackspace employees are called to testify, they are subject to the jurisdiction of the Delaware court since Rackspace is a Delaware corporation. The mere fact that Rackspace is headquartered in San Antonio, and that there *might* (but might not) be relevant ex-employee witnesses who *might* still reside in San Antonio and are outside the jurisdiction of the Delaware court, by itself, hardly constitutes the "compelling circumstances" necessary to justify departure from the first-to-file rule. *See Cradle IP*, 2013 WL 548454, at *4 (rejecting defendant's speculative argument that

7

there may be non-party witnesses critical enough to be called upon to testify at trial, but unwilling to do so because they are outside of the court's subpoena power).

While it may be true that, statistically speaking, cases in this District proceed to trial more quickly than in Delaware, the cited 14-month difference is also not a compelling reason to justify departure from the first-to-file rule.  Any purported convenience gained by this fact would be negated by the increased litigation costs to Parallel Iron if it is forced to litigate this case here in Texas, while at the same time litigating the Delaware Action and more than 15 other cases concerning the *same patents* and the *same issues* in the Delaware.  Moreover, allowing this case to proceed at the same time as the Delaware Action will inevitably result in the duplication of judicial efforts, and will increase the risk of inconsistent rulings.  Dismissal of this case under the first-to-file rule is thus necessary to promote the interests of judicial efficiency and economy.

### III.    CONCLUSION

For the foregoing reasons, Parallel Iron respectfully requests that the Court dismiss this case pursuant to the first-to-file rule.  In the alternative, Parallel Iron requests that the Court transfer this case to the Delaware court, or stay this case pending the Delaware court's resolution of which case should proceed.  If the Court is inclined to decide Rackspace's breach of contract claim, Parallel Iron alternatively requests that the patent claims be severed and stayed or transferred to the Delaware court.

Date:  July 3, 2012	Respectfully Submitted:

	 */s/ Carlos I. Uresti*
	Carlos I. Uresti
	Texas Bar No. 00785132
	THE URESTI LAW FIRM, P.C.
	924 McCullough Ave.
	San Antonio, TX 78215
	Tel:  (210) 927 3412
	Fax: (210) 921 0430
	carlos@urestilaw.com

	*Counsel for Defendant*
	*Parallel Iron, LLC*

9

**CERTIFICATE OF SERVICE**

It is hereby certified that on July 3, 2012, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

           _/s/ Carlos I. Uresti_